CHARLES GARY BLANKENSHIP, II,  )
and CHRISTI LYNN BLANKENSHIP,  )
                                    )
      Plaintiffs,  )
                                      )
v.  )               No. 1:26-cv-4-CEA-MJD
                                      )
BOUNDLESS MOVING & STORAGE, LLC,  )
and RLI INSURANCE COMPANY,  )
                                    )
      Defendants.  )

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiffs Charles Gary Blankenship, II, and Christi Lynn Blankenship ("Plaintiffs"). Mr. Blankenship filed an application to proceed *in forma pauperis* ("IFP") on January 5, 2026 [Doc. 1], and Plaintiffs filed a complaint on January 6 [Doc. 11]. On March 16, 2026, the Court entered a Memorandum and Order [Doc. 14 ("March 16 Order")] describing the Court's responsibility under 28 U.S.C. § 1915(e)(2) to screen actions filed by plaintiffs who seek IFP status and to dismiss any action, or portion thereof, which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008).

In the March 16 Order, as relevant, the Court identified deficiencies with Plaintiffs' complaint as drafted which would prevent their claims from proceeding past the screening stage and ordered Plaintiffs to file an amended complaint. The Court also explained that Ms.

Blankenship was required to submit her own IFP application if Plaintiffs wished to proceed IFP, or else they could pay the $405 filing fee. The Court ordered Plaintiffs to comply with all requirements of the March 16 Order within 21 days. The Court specifically warned Plaintiffs that if they failed to do so, their case would be subject to dismissal.

The 21-day deadline has now passed and Plaintiffs have not filed an amended complaint. Ms. Blankenship has not submitted an IFP application, and Plaintiffs have not paid the filing fee. Plaintiffs have not requested an extension of the deadlines and there is no indication they did not receive the March 16 Order. Accordingly, the Court **RECOMMENDS**[1] Mr. Blankenship's IFP application [Doc. 1] be **DENIED AS MOOT** with no filing fee assessed. The Court further **RECOMMENDS** that Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE** and this case **CLOSED.** *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2